IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDER LOYA § | |
| (BOP Register No. 17693-035), § | |
| § | |
| Petitioner, § | |
| § | |
| V.  § | No. 3:19-cv-216-G-BN |
| § | |
| WARDEN UNDERWOOD, § | |
| § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Alexander Loya, a federal prisoner at a facility in the Dallas Division of this district, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2009 general court-martial convictions for violations of the Uniform Code of Military Justice (the "UCMJ"), convictions that resulted in his dismissal from service and a sentence of 35 years of confinement. *See* Dkt. No. 3.

Loya's habeas action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The government filed a response to Loya's habeas petition. *See* Dkt. Nos. 8 & 9. And Loya replied, *see* Dkt. No. 12, and moved to file a supplemental petition, *see* Dkt. No. 13.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the habeas application and, for the same

reasons, deny the motion to file a supplemental petition.

## Applicable Background

Loya, then a captain in the United States Army, was initially convicted

> of two specifications of abusive sexual contact with a child, two specifications of indecent liberties with a child, two specifications of aggravated sexual contact with a child who had not obtained the age of twelve years, two specifications of indecent acts with a child, and one specification of indecent language, in violation of Articles 120 and 134, [UCMJ], 10 U.S.C. §§ 920, 934 (2006).

*United States v. Loya*, No. 20090770, 2012 WL 3860020, at *1 (A. Ct. Crim. App. Aug. 30, 2012).

> The court sentenced appellant to a dismissal from the service, confinement for 108 years, and forfeiture of all pay and allowances. [But t]he convening authority disapproved the finding of guilty as to one of appellant's convictions for indecent liberties with a child, approved the remaining findings of guilty, and approved only so much of the sentence extending to a dismissal from the service, confinement for thirty-five years, and forfeiture of all pay and allowances.

*Id.*

On appeal, the Army Court of Criminal Appeals reversed Loya's "convictions for indecent acts with a child and indecent language under Article 134, UCMJ," but stated that it was "confident, under the circumstances of this case, that appellant would have received a sentence at least as severe as that approved by the convening authority even absent charge of the Article 134 offenses here disapproved." *Id.* at *3-*4 (citation omitted).

That court then denied Loya's petition for a new trial, finding "neither fraud on the court nor any 'newly discovered evidence' as contemplated by the law sufficient to

-2-

warrant a new trial." *Id.* at \*4.

The United States Court of Appeals for the Armed Forces denied review and reconsideration of its denial. *See United States v. Loya*, 72 M.J. 94 (C.A.A.F. Feb. 22, 2013) [Dkt. No. 9 at 49]; *United States v. Loya*, 72 M.J. 439 (C.A.A.F. July 5, 2013) [Dkt. No. 9 at 53]. And the government's response sets out Loya's subsequent efforts to overturn his convictions and sentence within the military justice system:

> In 2015, Petitioner filed a petition for extraordinary relief in the nature of a writ of habeas corpus. The CAAF denied the petition. Petitioner then filed a supplement for extraordinary relief. The ACCA considered the petition and denied it. In 2016, Petitioner filed a petition for extraordinary relief in the nature of a writ of habeas corpus with the CAAF. After consideration, the petition for extraordinary relief was denied.

Dkt. No. 8 at 2 (citing Dkt. No. 9 at 65, 181, 66, 183, 301, 302, 342).

Loya now seeks Section 2241 relief "due to actual innocence," explaining that this claim is based on "new evidence" – "evidence" he asserts "that was not available at the time of [his] trial."

> Plaintiff has a liberty interest in demonstrating his innocence with new evidence that, through due diligence, has been continuously, consistently and exponentially, surfacing with time. This evidence is material, for if it had been available at trial, no jury member would have convicted him.
> Some of the new evidence is material in that it clarifies statements made by the alleged victim under Oath both before and during the trial, which, when considered together, make Plaintiff's actual innocence clear, and the fact that Plaintiff's x-wife Sandra Loya, bribed and threatened Kirsten Loya, her daughter and Plaintiff's adopted daughter and his alleged victim, to testify falsely against Plaintiff, both mother and daughter acting in their own interest.

Dkt. No. 3 at 6-7.

The government responds:

> Petitioner has raised essentially this same evidence and arguments on appeal many times. Petitioner has been claiming that the victim and his ex-wife lied since the time of his initial court-martial, including through his various post-conviction appeals and petitions in the military court system. In each filing with the military courts since his court-martial, an affidavit, pictures, or emails alleging the victim and his ex-wife were lying has been submitted as "new evidence." This evidence has been fully briefed and fairly considered by the military courts on at least five occasions.

Dkt. No. 8 at 4; *see id.* at 5-6 (examining the evidence filed with the Section 2241 petition that Loya asserts to be "new evidence" supporting his claim of "actual innocence" and detailing how the bulk of that evidence has been presented to, and considered by, military courts prior to Loya's filing this action).

Loya replies that the Court is the first tribunal that "has had the opportunity to consider all the evidence **together**, that, together, clearly express the fact that a felony was committed by Sandra and Kristen in order to accuse and convict me falsely for their own benefit." Dkt. No. 12 at 1.

## Legal Standard and Analysis

> Federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 over petitions for habeas corpus filed by individuals challenging military convictions. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). However, "in military habeas corpus the inquiry, the scope of matters open for review, has always been more narrow than in civil cases." *Id.* (citation omitted). If the military gave full and fair consideration to claims asserted in a federal habeas petition filed by a military prisoner, the petition should be denied. *Id.* at 144.

*Fletcher v. Outlaw*, 578 F.3d 274, 276 (5th Cir. 2009).

> The military has an independent criminal justice system governed by the [USMJ]. 10 U.S.C. §§ 801 *et seq.*; *Burns*, 346 U.S. at 140; *Lips v. Commandant, U.S. Disciplinary Barracks*, 997 F.2d 808, 810 (10th Cir. 1993). The UCMJ is comprehensive and provides for, *inter alia*,

-4-

courts-martial, appellate review, post-conviction relief, and limited certiorari review by the [United States] Supreme Court. *See Burns*, 346 U.S. at 141; *Lips*, 997 F.2d at 810. Due to the independence of the military court system, "special considerations are involved when federal civil courts collaterally review court-martial convictions." *Lips*, 997 F.2d at 810.

In *Burns*, the Supreme Court stated that "when a military decision has dealt fully and fairly with an allegation raised in that application [for habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." 346 U.S. at 142 (citation omitted). Reviewing the military decision, the Court determined that "the military courts have heard petitioners out on every significant allegation which they now urge." *Id.* at 144. The Court concluded:

> Accordingly, it is not the duty of the civil courts simply to repeat that process – to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims.

*Id.* (citation omitted). *Burns* placed the burden on the petitioner to show that the military review was legally inadequate to resolve his claims. *Id.* at 146.

Applying *Burns* several years later, [the United States Court of Appeals for the Fifth Circuit] noted that "[f]ederal courts have interpreted *Burns* with considerable disagreement" and that confusion existed regarding the proper scope of review in military habeas cases. *Calley v. Callaway*, 519 F.2d 184, 198 (5th Cir. 1975). After engaging in a thorough historical review of military habeas, [the Fifth Circuit] declared that review of a military conviction is appropriate only if four conditions are met: (1) the claim is of "substantial constitutional dimension"; (2) the issue is legal rather than one of disputed fact determined by a military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards. *Id.* at 199-203. [The Court of Appeals] stated that federal civil courts "may not retry the facts or reevaluate the evidence, their function in this regard being limited to determining whether the military has fully and fairly considered contested factual issues." *Id.* at 203.

*Fletcher*, 578 F.3d at 277-78 (footnotes omitted and citation modified).

As this precedent reflects, the consideration that Loya now seeks under Section 2241 is outside the scope of what the Court may provide. He essentially requests – even though the record set out above reflects that "the military [has] given fair consideration to each of [his] claims" – that a federal district court "re-examine and reweigh each item of evidence of the occurrence of events which tend to prove" his convictions. *Burns*, 346 U.S. at 144. Accordingly, the Section 2241 review of the convictions and sentence that Loya seeks is prohibited under *Burns* and *Calley*, as set out above.

Further, to the extent that Loya presents a stand-alone, substantive claim of "actual innocence," such a claim is not recognized as an independent ground for federal-habeas relief and should therefore be denied. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993))); *see also, e.g., House v. Bell*, 547 U.S. 518, 554-55 (2006); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014); *cf. Schlup v. Delo*, 513 U.S. 298, 314 (1995) (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

But, even if Loya could obtain habeas relief on a freestanding claim of actual innocence – and if the Court could consider such a claim consistent with *Burns* and *Calley* – "the threshold showing for such an assumed right would necessarily be extraordinarily high," *Herrera*, 506 U.S. at 417 – and, logically, necessarily higher than "the more relaxed (but still stringent) actual innocence gateway standard," *Bruce v.*

*Warden Lewisburg USP*, 868 F.3d 170, 184 (3d Cir. 2017).

Applying the more relaxed gateway standard – commonly invoked in attempts to overcome a statutory hurdle imposed by the Antiterrorism and Effective Death Penalty Act of 1996, such as limitations or successiveness – a habeas petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316). That is, the new, reliable evidence a petitioner presents must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329).[1]

Loya's evidence does not meet this more relaxed, yet stringent standard. Therefore, his showing falls far short of what would be required to allege a

---

[1] *See also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.' *Schlup*, 513 U.S. at 324, 327. When considering a gateway claim of actual innocence, the district court must consider all of the evidence, 'old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.' *House*, 547 U.S. at 538 (internal quotation marks and citations omitted). 'Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do."' *Id.* (quoting *Schlup*, 513 U.S. at 329). 'The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.' *Id.*" (citation modified)).

freestanding claim of actual innocence. *See Herrera*, 506 U.S. at 417.

## Recommendation

The Court should deny Petitioner Alexander Loya's application for a writ of habeas corpus under 28 U.S.C. § 2241 [Dkt. No. 3] and, for the same reasons, deny his motion to file a supplemental petition [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE